# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:20-cr-0039 |
| | ) |
| ROMEO WALTER, KENAN THOMAS, AND NIJOHNTEA WALKER, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**BEFORE THE COURT** is Defendant Kenan Thomas's ("Thomas") Unopposed Motion to Continue Jury Selection and Trial (ECF No. 221.) For the following reasons, the Court will grant the motion.

On October 22, 2020, United States of America (the "Government") filed a grand jury Indictment against Thomas, charging him with felon in possession of a firearm, in violations of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2), possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k), 924(a)(1)(B) and 2, and 23 V.I.C. § 481(b), possession of a firearm in a school zone, in violation of 18 U.S.C. §§ 922(q), 924(a)(1)(B) and 2, and 23 V.I.C. § 2253(f), conspiracy to possess an unauthorized firearm, in violation of 14 V.I. C. §§ 551 and 2253(a), unauthorized possession of a firearm, in violation of 14 V.I. C. § 2253(a), and unlawful possession of ammunition, in violation of 14 V.I.C. § 2256(a). Thomas was arraigned on December 2, 2020.

On January 14, 2021, Thomas filed a motion to supress evidence and statements. The Court held an evidentiary hearing on the motion to suppress on September 7, 2022. At the conclusion of the hearing, the Court took the matter under advisement.

On December 6, 2022, the Court granted the Government's motion to dismiss without prejudice Counts Five, Eight and Nine in the Indictment. On April 26, 2023, the Court granted

the Government's motion to continue the trial date and scheduled jury selection and trial for August 14, 2023.

Thomas asserts that his motion to suppress evidence is still pending and, prior to the Court's order scheduling the trial date, his counsel committed to serving as faculty at a trial skills academy hosted by the Administrative Office of the United States that will be held on August 19-25, 2023, for which she must travel no later than August 18, 2023. Thomas is not confident that the trial will conclude by August 18, 2023. He seeks a continuance to allow his counsel to maintain her professional commitment. Thomas filed his waiver of the Speedy trial Act to and including October 31, 2023.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(1)(A). "The Act recognizes that a continuance may be granted in order to allow . . . for 'continuity of counsel.'" *United States v. Williams*, 591 F. App'x 78, 85 (3d Cir. 2014) (citing 18 U.S.C. § 3161(h)(7)(B)(iv); *United States v. Stradford*, 394 F. App'x 923, 927 (3d Cir. 2010) (affirming continuance based, inter alia, on the ground that it "will ensure the defendant continuity of counsel in his representation"); *United States v. Martinez-Osoria*, No. 1:15-CR-153, 2016 WL 1320925, at *2 (M.D. Pa. Apr. 5, 2016) ("The court found that the ends of justice served by the continuance—to wit, remedying a scheduling conflict to preserve continuity of counsel—outweighed the interests of the public and defendants in a speedy trial.");*United States v. Slade*, No. CRIM.A. 12-0367, 2013 WL 4511601, at *8 (E.D. Pa. Aug. 23, 2013) ("the trial conflict of a codefendant's counsel necessitated a continuance to assure the 'continuity of counsel' and thus any delay from the continuance was excludable under § 3161(h) as to all defendants") (citing *United States v. Fogarty,* 692 F.2d 542, 546 (8th Cir.1982)).

*United States v. Walter et al.*
Case No. 3:20-cr-0039
Order
Page **3** of **3**

The Court finds that the ends of justice served by extending the period in which the trial must begin in this matter outweighs the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to assure the continuity of counsel. The premises considered, it is hereby

**ORDERED** that Thomas's Unopposed Motion to Continue Jury Selection and Trial, ECF No. 221, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through October 2, 2023, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that, no later than September 20, 2023, each party shall file a notice indicating their readiness to proceed to trial; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than September 22, 2023, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties shall provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than September 27, 2023;[1] it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for August 14, 2023, are **RESCHEDULED** to commence promptly at 9:00 A.M. on October 2, 2023, in St. Thomas Courtroom 1.

**Dated:** May 31, 2023                              /s/ *Robert A. Molloy*
                                                                     **ROBERT A. MOLLOY**
                                                                     **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.