IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS & ST. JOHN

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 2020-39 |
| v. ) | |
| ) | |
| KENAN THOMAS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MOTION FOR RECONSIDERATION OF MOTION TO DISMISS
COUNTS 2-9 UNDER THE SECOND AMENDMENT**

Kenan Thomas is charged with one count of possession of a firearm by a prohibited person (18 U.S.C. §922(g)(1)) and one count of unlawful possession of a firearm (14 V.I.C. 2253(a)), *inter alia*. The Court denied his motion to dismiss as two through nine. *See* ECF #203. Since that date, the Third Circuit issued an opinion in *Range v. Att'y General*, 69 F. 4th 96 (3d Cir. 2023), which found section 922(g) unconstitutional as applied to the appellant, Bryan Range. District Courts have cited the holding in *Range* to find section 992(g)(1) unconstitutional in other contexts. Mr. Thomas now moves this Court to reconsider his motion to dismiss as it applies to counts two and six of the indictment based on an intervening change in controlling law.

**I.     ARGUMENT**

The Second Amendment states that "the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. This provision of the Second Amendment codified people's pre-existing right to defend themselves from dangers inherent to living among others. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2128 & 2135 (2022). The Supreme Court's decision in *Bruen* and the United States Court of Appeals for the Third Circuit's decision in *Range v. Att'y Gen.*, 69

1

F.4th 96 (3d Cir. 2023) compel the conclusion that both 18 U.S.C. § 922(g)(1) and 14 V.I.C. § 2253(a) impermissibly infringe upon that right.

Under *Bruen*, as acknowledged by *Range*, if the plain text of the Second Amendment applies to Mr. Thomas' conduct, the government bears the burden of proving "that its firearm regulation is part of a historical tradition that delimits the outer bounds of the right to keep and bear arms." *Range,* 69 F.4th at 101, citing *Bruen*, 142 S. Ct. at 2134-35 & 2117. If the government cannot establish a longstanding history and tradition, the law is unconstitutional.

### A. Mr. Thomas is protected by the Second Amendment

This Court previously found that Mr. Thomas, a convicted felon, was not protected by the Second Amendment. However, as found in *Range*, "'the people' as used throughout the Constitution 'unambiguously refers to all members of the political community, not an unspecified subset.'" 69 F.4th at 101, citing *Heller*, 554 U.S. 570, 580 (2008). The protection of the Second Amendment is thus not limited to "law-abiding" citizens". *Id.* at 103-04. As such, Mr. Thomas is among "the people" afforded protection by the Second Amendment.

### B. The government did not meet its burden to establish a historical analogue

The burden then shifts to the government to prove the firearm regulation is part of historical tradition. The government failed to demonstrate that the conduct prohibited in 18 U.S.C. § 922(g)(1) and 14 V.IC. § 2253(a) have a historical tradition. In denying Mr. Thomas' motion, this Court relied on the Third Circuit's post-historical analysis in *Binderup v. Att'y General,* 836 F.3d 336, 348 (3d Cir. 2016). However, in *Range,* the Third Circuit acknowledged that after *Bruen*, *Binderup's* "multifaceted seriousness inquiry no longer applies". *Range,* 69 F.4th at 101.

### A. Section 922(g)(1) prohibits conduct that is protected by the plain text of the Second Amendment

Section 922(g)(1) states, in pertinent part:

> It shall be unlawful for any person … who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year…to possess in or affecting commerce, any firearm….

18 U.S.C. § 922(g)(1). As in *Bruen*, the "general societal problem" that § 922(g)(1) is designed to address—i.e., felons with access to guns—is one "that has persisted since the 18th century." *Id.* at 2131. Thus, § 922(g)(1) is unconstitutional unless the government shows a robust tradition of "distinctly similar historical regulation." *Id.*

When given the opportunity in *Range* to establish a historical tradition for banning felons from ever possessing a firearm, the government failed to cite "a single statute or case that precludes a convict who has served his sentence from purchasing the same type of object that he used to commit a crime. Nor [did] the government cit[e] forfeiture cases in which the convict was prevented from regaining his possessions, including firearms (except where forfeiture preceded execution)." 69 F.4th at 105. The earliest version of § 922(g)(1) was the Federal Firearms Act of 1938 and only applied to violent criminals. *Range,* 69 F.4th at 104. As held in *Range*, the expansion of that law in 1961 falls "well short of 'long-standing' for purposes of demarcating the scope of a constitutional right." *Id.*

The government failed in *Range* and failed here for a simple reason: neither the federal government nor a single state barred all people convicted of felonies until the 20th century.[1] *See, e.g.*, Adam Winkler, *Heller's Catch-22*, 56 UCLA L. Rev. 1551, 1563 (2009).[2] The modern version of § 922(g)(1) was not adopted until *177 years* after the Second Amendment—far too recently to alter its meaning. *See Bruen*, 142 S. Ct. at 2154 n.28 ("[L]ate-19th-century evidence" and any "20th-century evidence . . . does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence.").

---

[1] The first state law to bar the possession of some firearms by felons was enacted in 1914. Catie Carberry, *Felons and Persons with a Mental Impairment*, Second Thoughts: A Blog from the Center for Firearms Law at Duke University (June 27, 2019), available online at https://sites.law.duke.edu/secondthoughts/2019/06/27/miniseries-part-iii-felons-and-persons-with-a-mental-impairment/.

[2] Available online at https://www.uclalawreview.org/hellers-catch-22/.

After *Range,* a district court in the Middle District of Pennsylvania considered section 922(g)(1)'s application as applied to a defendant who had four prior felony drug convictions and was on state parole in *United States v. Quailes,* 2023 WL 5401733 (3d Cir. Aug. 22, 2023). The district court, while acknowledging Quailes was not "manifestly like" Range, found that section 922(g)(1) was unconstitutional as applied to Quailes. *Id.* at *7, 13. The district court found that the government's argument that Quailes had to "affirmatively establish that he possessed the firearm for self-defense 'read a requirement into the *Bruen/Range* analysis that does not exist.'" *Id.* at *8. The district court held that the historical disbarment of individuals deemed dangerous presented by the government was not sufficiently similar to Quailes' four felony drug convictions. The government, thus, failed to meet its burden and the district court granted Quailes' motion to dismiss. *Id.* at *11, 13.

A district court in the Northern District of Oklahoma, ruled similarly to the district court in Quailes. In *United States v. Forbis*, the district court found that none of the felony convictions in the indictment (possession of methamphetamines and driving under the influence) showed that Forbis was a "danger to the public if armed" and dismissed the indictment charging him with a violation of section 922(g)(1). 2023 WL 5971142 (N.D. Ok. August 17, 2023).

Court rulings that the government failed to meet its historical analogue burden are not limited to non-violent convictions. In *United States v. Bullock*, 2023 WL 4232309 (S.D. Miss. June 28, 2023), a district court in the Southern District of Mississippi, found that section 922(g)(1), as applied to Bullock, who had convictions of aggravated assault and manslaughter, was unconstitutional. In doing so, the district court agreed with the defense that the government "failed to establish a 'historical tradition' supporting the lifetime criminalization of [his] possession of a firearm." *Id.* at 33.

### B. 14 V.I.C. § 2253(a) prohibits conduct that is protected by the plain text of the Second Amendment

This Court found that there was no need to address the constitutionality of 14 V.I.C. § 2253(a) because convicted felons are ineligible under the non-discretionary provision. However, as addressed

4

above, the government failed to establish a historical tradition to the non-discretionary provision of prohibiting felons from possessing firearms. As such, even as applied to Mr. Thomas, 14 V.I.C. § 2253(a) is unconstitutional.

## II.  CONCLUSION

Mr. Thomas has been incarcerated more than three years on this pre-trial matter. When initially presented with this continuously evolving area of law, he found himself in a situation where he had to choose between exercising his right to have as speedy a trial as possible and challenging the constitutionality of the charged offenses. After fulsome consideration of the merits of the motion, Mr. Thomas decided to file the motion for leave to reconsider the motion to dismiss.

Upon reconsideration, application of the Third Circuit's decision in *Range* dictates that counts two and six must be dismissed. Both offenses are unconstitutional, both facially and as applied to Mr. Thomas under *Bruen and Range*.

For these reasons, the Mr. Thomas asks this Court to reconsider his motion to dismiss and enter an order dismissing counts two and six of the indictment.

Dated: September 28, 2023

        Respectfully submitted,

        s/ Kia D. Sears
        KIA D. SEARS, ESQUIRE
        Assistant Federal Defender
        1336 Beltjen Gade, Suite 202
        St. Thomas, VI 00802
        Tel (340) 774-4449
        Fax (340) 776-7683
        E-mail: kia_sears@fd.org